# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GRADY ALLEN HAMILTON, | Civil Action No. 16-7974 (KM) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| TRANS UNION, LLC, | |
| Defendant. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's April 28, 2017 Order to Show Cause, D.E. 11, why Plaintiff's Complaint should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

## I. BACKGROUND

Plaintiff filed the instant Complaint against Defendant Transunion, LLC on September 6, 2016. Compl., D.E. 1. Plaintiff alleges that Defendant negligently and willfully failed to reinvestigate disputed entries under the Fair Credit Report Act. *Id.* at 1. By Order dated December 8, 2016, the Court directed the parties to file a proposed discovery plan by January 11, 2017. D.E. 6. On January 11, 2017, Defendant filed a proposed discovery plan with the Court and indicated that:

> Grady Allen Hamilton, a pro se Plaintiff, has refused to provide any input into the content of this Plan or respond to any correspondence from Trans Union's counsel. As such, Trans Union submits this Plan to the Court unilaterally and without any input from pro se Plaintiff. On January 5, 2017, counsel for Trans Union spoke to Plaintiff by phone briefly, to discuss the need for a report and the fact that Trans Union's counsel would prepare a draft and send it to Mr. Hamilton. Counsel for Trans Union provided Plaintiff with a draft version of this Plan, via e-mail, on January 5, 2017. Counsel for Trans Union sent two additional e-mails to Plaintiff, on January 9, 2017 and January 10, 2017, reminding Plaintiff of the Court-mandated deadline for the Plan and requesting his input for the report. Plaintiff refused to respond in any way.

Defendant's Discovery Plan, Jan. 11, 2017, D.E. 7, p. 1, n.1. The Court entered a Pretrial Scheduling Order on January 13, 2017. D.E. 8. A copy of the December 8, 2016 Order which had been mailed to Plaintiff was returned to the Court as undeliverable on February 15, 2017. D.E. 9. On April 27, 2017, Defendant advised the Court by letter that it had not received any sort of communication from Plaintiff since January 5, 2017, and that Plaintiff had neither served discovery on Defendant nor responded to Defendant's requests. Status Report, Apr. 27, 2017, D.E. 10. Accordingly, on April 28, 2017, this Court entered an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to prosecute the matter pursuant to Fed. R. Civ. P. 41. D.E. 11. As of the date of this Report and Recommendation, Plaintiff has failed to respond or file anything additional on the docket.

## II. LEGAL ANALYSIS

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b).

Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

      **i.**      **The extent of the party's personal responsibility**

In the instant case, Plaintiff has failed to participate in discovery in any way, communicate with Defendant since around January 5, 2017 or respond to this Court's Order to Show Cause. In addition, certain mail sent to Plaintiff has been returned to the Court as undeliverable and Plaintiff has not updated his address. *See* D.E. 9, Feb. 15, 2017, Certified Mail Returned as Undeliverable.

As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can only conclude that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon his suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that his failure to prosecute this matter is the fault of his counsel. *See*, e.g., *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as participating in discovery, updating his address, and responding to Court Orders or explaining his inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

      **ii.**      **Prejudice to the Adversary**

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*,

4

Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's orders has prejudiced Defendant. Defendant has been unable to keep moving this case forward and prepare a defense because Plaintiff has stopped litigating this matter. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend themselves. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Clearly, since approximately January, Plaintiff has, by all appearances, abandoned prosecution of this matter. The record before the Court establishes that for past seven months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and defense counsel his inability to do so. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Plaintiff's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate

or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

Date: August 29, 2017